UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| **Nationstar Mortgage LLC**<br><br>Plaintiff<br><br>vs.<br><br>**James P. Personeni, Jr.**<br><br>Defendant<br><br>**Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A.**<br>**Midland Funding LLC Assignee of Chase Bank USA NA**<br>**Midland Funding LLC Assignee of Citibank USA NA**<br><br>Parties-in-Interest | **COMPLAINT**<br><br>RE: 2 Meadow Lane<br>     South Berwick, ME 03908<br><br>MORTGAGE:<br>September 28, 2005<br>Book 14669, Page 808 |

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, James P. Personeni, Jr., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Nationstar Mortgage LLC and the Defendant, James P. Personeni, Jr., are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the

rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by the Plaintiff, Nationstar Mortgage LLC, in which the Defendant, James P. Personeni, Jr., is the obligor and the total amount owed under the terms of the Note is Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Nationstar Mortgage LLC, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019

5. The Defendant, James P. Personeni, Jr., is a resident of South Berwick, County of York and State of Maine.

6. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., is located at 1818 Library Street, Suite 300, Reston, VA 20190.

7. The Party-in-Interest, Midland Funding, LLC, assignee of Chase Bank USA NA is located at 227 W. Trade Street, Suite 1610, Charlotte, NC 28202.

8. The Party-in-Interest, Midland Funding, LLC assignee of Citibank USA NA is located at 227 W. Trade Street, Suite 1610, Charlotte, NC 28202.

## FACTS

9. On December 28, 2001, by virtue of a Warranty Deed from Andex, Inc., which is recorded in the York County Registry of Deeds in **Book 11263, Page 264**, the property situated at 2 Meadow Lane, County of York, and State of Maine, was conveyed to the Defendant, James P. Personeni, Jr., being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On September 28, 2005, James P. Personeni, Jr., and Melissa J. Personeni, executed and delivered to Capital One Home Loans, LLC a certain Note in the amount of $256,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on September 28, 2005, James P. Personeni, Jr., and Melissa J. Personeni, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Capital One Home Loans, LLC, securing the property located at 2 Meadow Lane, South Berwick, ME 03908 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14669, Page 808**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated August 19, 2010 and recorded in the York County Registry of Deeds in **Book 15925, Page 328**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated February 12, 2015 and recorded in the York County Registry of Deeds in **Book 16968, Page 882**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The transfer of all the rights contained in the Mortgage to the Plaintiff, Nationstar Mortgage LLC, is further ratified and confirmed by the Quitclaim Assignment dated August 18, 2015 and recorded in the York County Registry of Deeds in **Book 17091, Page 914.**  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. On February 7, 2013, James P. Personeni, Jr., and Melissa J. Personeni, executed a Fannie Mae Loan Modification Agreement which increased the principal amount of the Note to $323,740.36.  *See* Exhibit G (a true and correct copy of the Fannie Mae Loan Modification Agreement is attached hereto and incorporated herein)

16. On June 12, 2013, James P. Personeni, Jr., and Melissa J. Personeni, executed a second Fannie Mae Loan Modification Agreement which increased the principal balance of the Note to $328,957.10.  *See* Exhibit H (a true and correct copy of the second executed Fannie Mae Loan Modification Agreement is attached hereto and incorporated herein).

17. On June 20, 2014, Melissa J. Personeni became deceased.

18. On October 6, 2015, the Defendant, James P. Personeni, Jr., was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendant, James P. Personeni, Jr., of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

20. The Defendant, James P. Personeni, Jr., has failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, Nationstar Mortgage LLC, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, Nationstar Mortgage LLC, is the lawful holder and owner of the Note and Mortgage.

23. Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Bank, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $46,000.00 dated October 31, 2006, which is recorded in the York County Registry of Deeds in **Book 15015, Page 131** and is in second position behind Plaintiff's Mortgage.

24. Midland Funding LLC Assignee of Chase Bank USA NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,834.25 dated July 20, 2012 and recorded in the York County Registry of Deeds in **Book 16384, Page 191** and is in third position behind Plaintiff's Mortgage.

25. Midland Funding LLC Assignee of Citibank USA NA is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,201.87 dated July 20, 2012 and recorded in the York County Registry of Deeds in **Book 16384, page 192** and is in fourth position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of March 7, 2017, is Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), which includes unpaid Principal Balance in the amount of Three Hundred Twenty Eight Thousand Nine Hundred Fifty Seven Dollar and Ten Cents ($328,957.10); Accrued Interest in the amount of Twenty Four Thousand Seven Hundred Seventy Nine Dollars and Eighty Five Cents ($24,779.85); Late Fees in the amount of One Thousand Sixty Four Dollars and Fifty Two Cents ($1,064.52); Lender Paid Expenses in the amount of One Thousand Five Hundred Ninety One Dollars and Zero Cents ($1,591.00); Escrow Advances in the amount of Seventeen Thousand Seven Hundred Seventy Seven Dollars and Thirty Two Cents ($17,777.32); Legal Fees in the amount of One Thousand One Hundred Thirty Four Dollars and Zero Cents ($1,134.00).

27. Upon information and belief, the Defendant, James P. Personeni, Jr., is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

28. The Plaintiff, Nationstar Mortgage LLC, repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure respecting a real estate related mortgage and title located at 2 Meadow Lane, South Berwick, County of York, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Nationstar Mortgage LLC, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, Nationstar Mortgage LLC, has the right to foreclosure upon the subject property.

31. Federal National Mortgage Association is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendant, James P. Personeni, Jr., is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of March 7, 2017, is Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), which includes unpaid Principal Balance in the amount of Three Hundred Twenty Eight Thousand Nine Hundred Fifty Seven Dollar and Ten Cents ($328,957.10); Accrued Interest in the amount of Twenty Four Thousand Seven Hundred Seventy Nine Dollars and Eighty Five Cents ($24,779.85); Late Fees in the amount of One Thousand Sixty Four Dollars and Fifty Two Cents ($1,064.52); Lender Paid Expenses in the amount of One Thousand Five Hundred Ninety One Dollars and Zero Cents ($1,591.00); Escrow Advances in the amount of Seventeen Thousand Seven Hundred Seventy Seven Dollars and Thirty Two Cents ($17,777.32); Legal Fees in the amount of One Thousand One Hundred Thirty Four Dollars and Zero Cents ($1,134.00).

34. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendants' breach of condition, the Plaintiff, Nationstar Mortgage LLC, hereby demands a foreclosure on said real estate.

36. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, James P. Personeni, Jr., on October 6, 2015, as evidence by the Certificate of Mailing. *See* Exhibit I.

37. The Defendant, James P. Personeni, Jr., is not in the Military. *See* Exhibit J (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On September 28, 2005, James P. Personeni, Jr., and Melissa J. Personeni, executed and delivered to Capital One Home Loans, LLC a certain Note in the amount of $256,000.00. *See* Exhibit B.

40. The Defendant, James P. Personeni, Jr., is in default for failure to properly tender the July 1, 2013 payment and all subsequent payments. *See* Exhibit I.

41. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James P. Personeni, Jr.

42. The Defendant, James P. Personeni, Jr., having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant, James P. Personeni, Jr.'s breach is knowing, willful, and continuing.

44. The Defendant, James P. Personeni, Jr.,'s breach has caused the Plaintiff, Nationstar Mortgage LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of March 7, 2017, is Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), which includes unpaid Principal Balance in the amount of Three Hundred Twenty Eight Thousand Nine Hundred Fifty Seven Dollar and Ten Cents ($328,957.10); Accrued Interest in the amount of Twenty Four Thousand Seven Hundred Seventy Nine Dollars and Eighty Five Cents ($24,779.85); Late Fees in the amount of One Thousand Sixty Four Dollars and Fifty Two Cents ($1,064.52); Lender Paid Expenses in the amount of One Thousand Five Hundred Ninety One Dollars and Zero Cents ($1,591.00); Escrow Advances in the amount of Seventeen Thousand Seven Hundred Seventy Seven Dollars and Thirty Two Cents ($17,777.32); Legal Fees in the amount of One Thousand One Hundred Thirty Four Dollars and Zero Cents ($1,134.00).
46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.
48. By executing, under seal, and delivering the Note, James P. Personeni, Jr. and Melissa J. Personeni, entered into a written contract with Capital One Home Loans, LLC who agreed to loan the amount of $256,000.00 to James P. Personeni Jr., and Melissa J. Personeni. *See* Exhibit B.
49. As part of this contract and transaction, James P. Personeni, Jr. and Melissa J. Personeni executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and successor-in-interest to Capital One Home Loans, LLC, and has performed its obligations under the Note and Mortgage.

51. The Defendant, James P. Personeni, Jr., has breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2013, payment and all subsequent payments. *See* Exhibit I.

52. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James P. Personeni, Jr.

53. The Defendant, James P. Personeni, Jr., has failed to comply with the terms of the Note and Mortgage, is in breach of contract.

54. The Defendant, James P. Personeni, Jr., is indebted to the Plaintiff, Nationstar Mortgage LLC, the sum of Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), for money lent by the Plaintiff, Nationstar Mortgage LLC to the Defendant, James P. Personeni, Jr.

55. The Defendant, James P. Personeni, Jr.'s breach is knowing, willful, and continuing.

56. The Defendant, James P. Personeni, Jr.'s breach has caused the Plaintiff, Nationstar Mortgage LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of March 7, 2017, is Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), which includes unpaid Principal Balance in the amount of Three Hundred Twenty Eight Thousand Nine Hundred Fifty Seven Dollar and Ten Cents ($328,957.10); Accrued Interest in the amount of Twenty Four Thousand Seven Hundred Seventy Nine

Dollars and Eighty Five Cents ($24,779.85); Late Fees in the amount of One Thousand Sixty Four Dollars and Fifty Two Cents ($1,064.52); Lender Paid Expenses in the amount of One Thousand Five Hundred Ninety One Dollars and Zero Cents ($1,591.00); Escrow Advances in the amount of Seventeen Thousand Seven Hundred Seventy Seven Dollars and Thirty Two Cents ($17,777.32); Legal Fees in the amount of One Thousand One Hundred Thirty Four Dollars and Zero Cents ($1,134.00).

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

59. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Capital One Home Loans, LLC, predecessor-in-interest to Nationstar Mortgage LLC, loaned James P. Personeni, Jr. and Melissa J. Personeni $256,000.00.  *See* Exhibit B.

61. The Defendant, James P. Personeni, Jr., is in default for failure to properly tender the July 1, 2013 payment and all subsequent payments.  *See* Exhibit I.

62. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendant, James P. Personeni, Jr., has been unjustly enriched at the expense of the Plaintiff, Nationstar Mortgage LLC.

63. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

64. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Capital One Home Loans, LLC, predecessor-in-interest to Nationstar Mortgage LLC, loaned James P. Personeni, Jr. and Melissa J. Personeni $256,000.00.  *See* Exhibit B.

66. The Defendant, James P. Personeni, Jr., has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

67. As a result, the Defendant, James P. Personeni, Jr., has been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC as successor-in-interest to Capital One Home Loans, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

68. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Nationstar Mortgage LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Nationstar Mortgage LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, James P. Personeni, Jr., is in breach of the Note by failing to make payment due as of July 1, 2013, and all subsequent payments;

d) Find that the Defendant, James P. Personeni, Jr., is in breach of the Mortgage by failing to make payment due as of July 1, 2013, and all subsequent payments;

e) Find that the Defendant, James P. Personeni, Jr., entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, James P. Personeni, Jr., is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due July 1, 2013 and all subsequent payments;

g) Find that Plaintiff, Nationstar Mortgage LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, James P. Personeni, Jr., has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Nationstar Mortgage LLC, to restitution;

j) Find that the Defendant, James P. Personeni, Jr., is liable to the Plaintiff, Nationstar Mortgage LLC, for money had and received;

k) Find that the Defendant, James P. Personeni, Jr., is liable to the Plaintiff, Nationstar Mortgage LLC, for quantum meruit;

l) Find that the Defendant, James P. Personeni, Jr., has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, James P. Personeni, Jr., to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Nationstar Mortgage LLC, is entitled to restitution for this benefit from the Defendant, James P. Personeni, Jr.;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, James P. Personeni, Jr., and in favor of the Plaintiff, Nationstar Mortgage LLC, in the amount of Three Hundred Seventy Five Thousand Three Hundred Three Dollars and Seventy Nine Cents ($375,303.79), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                    Respectfully Submitted,
                                    Nationstar Mortgage LLC,
                                    By its attorneys,

Dated: March 24, 2017

                                    /s/ John A. Doonan
                                    John Doonan, Esq. (BBO# 3250)
                                    Doonan, Graves & Longoria, LLC
                                    100 Cummings Center, Suite 225D
                                    Beverly, MA 01915
                                    (978) 921-2670